SHEARSON HAYDEN STONE, INC v PROTZKO

Docket No. 43902. Submitted May 6, 1980, at Grand Rapids.—Decided June 16, 1980. Leave to appeal applied for.

John J. Protzko was engaged in commodity futures trading with Shearson Hayden Stone, Inc., a brokerage house. Protzko was employed by the brokerage at the time. When a dispute arose over Protzko's margin requirements, Shearson liquidated Protzko's accounts and terminated his employment. Pursuant to an arbitration clause in the customer's agreement signed by Protzko, Shearson demanded arbitration of the dispute. Protzko failed to respond, and Shearson filed a complaint for an order to compel arbitration, which was .granted. The matter proceeded to arbitration and Shearson was granted an award in its favor. The arbitration award was affirmed by the Oakland Circuit Court, Robert L. Templin, J. Protzko appeals. *Held:*

A rule promulgated by the Commodity Futures Trading Commission provides that no futures merchant shall enter into an arbitration agreement with a customer unless the agreement is separately endorsed and contains specific language in bold face type. The rule applies to all such arbitration agreements retroactively. The agreement in this case did not comply with this rule, and was therefore invalid.

The arbitration award is vacated.

ARBITRATION — COMMODITY FUTURES — FEDERAL REGULATIONS.

A regulation of the Commodity Futures Trading Commission which sets forth the conditions upon which an arbitration agreement between a customer and a commodity futures merchant will be considered valid is retroactive, applying to such arbitration agreements entered into prior to the promulgation of the regulation (17 CFR 180.3).

*Hertz & Schram,* for plaintiff.

*Alfonsetti, Monicatti & Giarmarco, P.C.,* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
[1] 73 Am Jur 2d, Stock and Commodity Exchange §§ 11, 24.

Before: R. B. BURNS, P.J., and J. H. GILLIS and D. C. RILEY, JJ.

R. B. BURNS, P.J. Defendant appeals from a circuit court order affirming an arbitration award in favor of plaintiff based on a dispute over defendant's commodity futures trading with plaintiff.

On July 1, 1975, defendant began work for plaintiff, a brokerage house. On July 3, 1975, defendant signed a customer's agreement with plaintiff and commenced to engage in commodity trading. A clause in the customer's agreement provides:

"Any controversy arising out of or relating to my cash and/or margin accounts to transactions with you for me or this agreement or the breach thereof, shall be settled by arbitration in accordance with the rules, then in effect, of the National Association of Securities Dealers, Inc., the Board of Governors of the New York Stock Exchange or the Board of Governors of the American Stock Exchange as I may elect. If I do not make such election by registered mail addressed to you at your main office within 5 days after demand by you that I make such election, then you may make such election. Judgment upon any aware [sic] rendered by the arbitrators may be entered in any court having jurisdiction thereof."

In late July, 1975, a dispute arose over margin requirements. Defendant's accounts were liquidated and defendant's employment by plaintiff was terminated. August 8, 1975, plaintiff demanded arbitration. Defendant did not respond to this demand.

Thereafter, nothing happened until April, 1977, when defendant filed a "reparations" complaint with the Commodity Futures Trading Commission

("CFTC") under 7 USC 18 of the Commodity Exchange Act to seek damages for plaintiff's allegedly improper conduct in its handling of defendant's commodity training.

Next, plaintiff, on May 20, 1977, filed a complaint in Oakland County Circuit Court for an order to compel defendant to submit to arbitration. On June 15, 1977, the circuit judge ordered defendant to proceed to arbitration. In spite of defendant's contention that arbitration was prohibited by Federal law the matter proceeded to arbitration and an award of $17,036.76 plus costs of $1,050 was awarded in favor of plaintiff. On November 15, 1978, the circuit judge affirmed the arbitration award.

The CFTC was established by 7 USC 4a. This body has rule-making authority, 7 USC 12a(5). 7 USC 18 authorizes the CFTC to conduct administrative proceedings called "reparations" over disputes between customers and commodity brokers. Judicial review of the CFTC orders are by Federal circuit courts of appeal, 7 USC 18(g).

Under its rule-making authority, the CFTC promulgated regulation 180.3(b), effective November 29, 1979, which provides that no futures merchant[1] shall enter into an arbitration agreement with a customer unless the agreement is separately en-

---

[1] "Futures commission merchant" is defined in § 2 of the Commodity Exchange Act, 7 USC 2, to "mean and include individuals, associations, partnerships, corporations, and trusts engaged in soliciting or in accepting orders for the purchase or sale of any commodity for future delivery on or subject to the rules of any contract market and that, in or in connection with such solicitation or acceptance of orders, accepts any money, securities, or property (or extends credit in lieu thereof) to margin, guarantee, or secure any trades or contracts that result or may result therefrom".

Though plaintiff contends that the Commodity Exchange Act does not govern the dispute between the parties herein because appellant is not among the class of persons protected by the legislation, plaintiff does not dispute that it is itself a futures commission merchant within the meaning of the act.

dorsed and contains specific cautionary language in bold face type. 17 CFR 180.3(b)(3), (4).

The arbitration agreement between plaintiff and defendant is not separately endorsed, nor does it contain specific bold face cautionary language required by the rule.

*Ames v Merrill Lynch, Pierce, Fenner & Smith, Inc,* 567 F2d 1174 (CA 2, 1977), held that regulation 180.3 applied to all arbitration agreements retroactively.

The arbitration award confirmed by the circuit court is hereby set aside and vacated. Costs to defendant.